[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2005
THOMAS  K. KAHN
CLERK

No. 05-12859
Non-Argument Calendar

_____

D. C. Docket No. 01-02562-CV-S

MONEY MANAGEMENT SERVICES, INC.,

Plaintiff-Appellant,

versus

MARK P. PORRARO,
PORRARO AND ASSOCIATES,
FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY,
ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY,
ALLMERICA INVESTMENTS, INC.,
ALLMERICA INVESTMENT MANAGEMENT COMPANY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 21, 2005)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

Plaintiff Money Management Services, Inc. (MMS) appeals the district court's grant of summary judgment to Defendants First Allmerica Financial Life Insurance Company, Allmerica Financial Life Insurance and Annuity, Allmerica Investments, Inc., Allmerica Investment Management Co., Inc. ("Allmerica") and Mark Porraro, Allmerica's General Agent in Georgia and (during part of the relevant time period) Alabama. At the time of summary judgment, MMS maintained claims for breach of contract and unjust enrichment against all Defendants.

The district court found that Porraro's only role in any contract was as Allmerica's agent. MMS does not dispute this factual finding. As the district court stated, "agents cannot be held liable for a principal's breach of contract." *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1389 (Ala. 1986). We affirm the grant of summary judgment to Porraro.

The district court found that Allmerica was entitled to summary judgment on MMS's breach of contract claim because MMS "failed to adduce evidence which would afford a reasonable jury a basis to fix damages on the Plaintiff's alleged breach of contract." We agree.

Finally, the district court granted Allmerica summary judgment on MMS's

claim of unjust enrichment or quasi-contract on two bases: (1) MMS put forth no evidence that it provided any uncompensated service to Defendants and (2) MMS presented no evidence of the reasonable value of any services it may have provided. We find the same deficiencies in proof. And, we find no basis to shift to Defendants the burden of proving damages or the reasonable value of any uncompensated services.

AFFIRMED.